**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NARRAGANSETT ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY; CENTURY INDEMNITY COMPANY; DOMINION INSURANCE COMPANY LTD.; EQUITAS INSURANCE LIMITED; EXCESS INSURANCE COMPANY LTD.; NATIONAL CASUALTY COMPANY; THE LONDON & EDINBURGH INSURANCE COMPANY LTD.; AND WORLD AUXILIARY INSURANCE CORP. LTD.,<br><br>Defendants. | CASE NO.  11 CIV 8299<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED**<br>**ECF CASE** |

Plaintiff The Narragansett Electric Company ("Narragansett"), by its attorneys, alleges as follows for its Complaint against Defendants American Home Assurance Company ("American Home"), Century Indemnity Company ("Century"), Equitas Insurance Limited ("Equitas"), and Dominion Insurance Company Ltd., Excess Insurance Company Ltd., National Casualty Company, The London & Edinburgh Insurance Company Ltd., and World Auxiliary Insurance Corp. Ltd. (collectively, the "London Market Companies"):

1.     This is a civil action for declaratory relief and money damages arising from (1) the breach by defendant Century of its contractual obligations to defend and indemnify Narragansett against liability for an environmental lawsuit related to a site in Attleboro, Massachusetts (the "Mendon Road Site") covered under a comprehensive general liability

("CGL") insurance policy in effect between January 1, 1985 and January 1, 1986, and (2) the breach by defendants Century, American Home, London Market Companies, and Equitas (collectively, the "Excess Carriers") of their respective contractual obligations to indemnify Narragansett against liability for the environmental lawsuit related to the Mendon Road Site under various excess general liability insurance policies in effect between March 1, 1945 and June 1, 1985 (collectively, the "Excess Policies"). Narragansett seeks monetary damages and other relief for the harm caused by the Defendants' breaches of their contractual obligations to defend and/or indemnify Narragansett. Narragansett also seeks a declaration of the rights and duties and of the parties under the primary policy issued by Century and the Excess Policies issued by the Excess Carriers.

## PARTIES

2.      Plaintiff Narragansett is a Rhode Island public utility with its principal place of business at 280 Melrose Street, Providence, Rhode Island. Narragansett is successor by merger to Blackstone Valley Electric Company ("BVEC"), which in turn is successor to Blackstone Valley Gas & Electric Company ("BVG&E").

3.      Defendant American Home is a New York corporation, with its principal place of business in New York, New York. American Home is engaged in the business of selling insurance policies. American Home is licensed to transact insurance business in New York and regularly transacts such business in New York.

4.      Defendant Century is a Pennsylvania corporation, with its principal place of business in Philadelphia, Pennsylvania. Century is successor to Indemnity Insurance Company of North America ("IINA") and Insurance Company of North America ("INA"). Century is engaged, *inter alia*, in the business of handling and paying claims under general liability policies

2

issued by IINA and INA. Century is licensed to transact insurance business in New York and regularly transacts such business in New York.

5.     Defendant Dominion Insurance Company Ltd. is a Scottish company with its principal place of business in Scotland. Dominion Insurance Company Ltd. is, or at all relevant times was, engaged in the business of insurance in New York, or has expressly consented, in the event of any coverage dispute arising under the policies at issue herein to which it subscribed, to be sued in this Court and to comply with all requirements necessary to give this Court jurisdiction.

6.     Defendant Equitas is an English and Welsh company, with its principal place of business in England. For each policy at issue herein that was originally subscribed to by one more underwriters at Lloyd's, London, Equitas has succeeded to the relevant liabilities and obligations of those underwriters. Equitas is engaged in the business of insurance in New York, and/or has expressly consented, in the event of any coverage dispute arising under the policies at issue herein, to be sued in this Court and to comply with all requirements necessary to give this Court jurisdiction.

7.     Defendant Excess Insurance Company Ltd. is an English and Welsh company with its principal place of business in England. Excess Insurance Company Ltd. is, or at all relevant times was, engaged in the business of insurance in New York, or has expressly consented, in the event of any coverage dispute arising under the policies at issue herein to which it subscribed, to be sued in this Court and to comply with all requirements necessary to give this Court jurisdiction.

8.     Defendant National Casualty Company is an English and Welsh company with its principal place of business in England. National Casualty Company is, or at all relevant times

was, engaged in the business of insurance in New York, or has expressly consented, in the event of any coverage dispute arising under the policies at issue herein to which it subscribed, to be sued in this Court and to comply with all requirements necessary to give this Court jurisdiction.

9.     Defendant The London & Edinburgh Insurance Company Ltd. is an English and Welsh company with its principal place of business in England.  The London & Edinburgh Insurance Company Ltd. is, or at all relevant times was, engaged in the business of insurance in New York, or has expressly consented, in the event of any coverage dispute arising under the policies at issue herein to which it subscribed, to be sued in this Court and to comply with all requirements necessary to give this Court jurisdiction.

10.     Defendant World Auxiliary Insurance Corp. Ltd. is an English and Welsh company with its principal place of business in England.  World Auxiliary Insurance Corp. Ltd. is, or at all relevant times was, engaged in the business of insurance in New York, or has expressly consented, in the event of any coverage dispute arising under the policies at issue herein to which it subscribed, to be sued in this Court and to comply with all requirements necessary to give this Court jurisdiction.

## JURISDICTION AND VENUE

11.     This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000 as to each defendant, Plaintiff Narragansett is a citizen of Rhode Island, Defendant American Home is a citizen of New York, Defendant Century is a citizen of Pennsylvania, Defendants London Market Companies are citizens of foreign countries, and Defendant Equitas is a citizen of a foreign country.

12.     Venue is proper in this District under 28 U.S.C. §§ 1391(a), 1391(c), and 1391(d).

## THE INSURANCE POLICIES

### The Century Policies

13.     INA, in consideration of premiums paid, duly executed and delivered primary CGL Policy No. GLP GO 663118-6 to BVEC or its agent, with effective dates from January 1, 1985 to January 1, 1986 (the "Century Primary Policy").

14.     The Century Primary Policy obligates Century, as successor to INA, to pay on behalf of Narragansett, as successor to BVEC, all sums that Narragansett becomes legally obligated to pay as a result of property damage claims brought by third parties, as long as any part of the alleged injury or damage for which Narragansett is liable occurred within the applicable policy period. The contractual obligation of Century, as successor to INA, to pay such liabilities in full on behalf of Narragansett, as successor to BVEC (known as the "duty to indemnify") is subject only to the upper limits of liability expressly and unambiguously stated in the Century Primary Policy.

15.     The Century Primary Policy also independently obligates Century, as successor to INA, to defend Narragansett and to pay all costs, including attorneys' fees, experts' fees, technical consultants' fees and supplemental expenses, incurred in the investigation and defense of suits alleging property damage claims for which Century, as successor to INA, might incur a duty to indemnify as set forth in paragraph 14 above. The independent contractual obligation of Century, as successor to INA, to defend Narragansett, as successor to BVEC, against suits alleging property damage claims (known as the "duty to defend") applies even if the allegations against Narragansett are groundless, false or fraudulent.

16.     All premiums due under the Century Primary Policy, which was in full force and effect at some time during the period relevant to this Complaint, were timely paid.

17.    At various times between 1949 and 1965, in consideration of premiums paid, IINA and INA duly executed and delivered to Narragansett's predecessors or their agent excess general liability insurance policies that provide liability insurance coverage for property damage claims (the "Century Excess Policies"). The policy numbers and effective dates of the Century Excess Policies, to the extent known by Narragansett, are set forth in Exhibit A to this Complaint.

18.    Each of the Century Excess Policies obligates Century, as successor to IINA and INA, to indemnify Narragansett, as successor to the insured named in the Policy, for all sums that Narragansett becomes legally obligated to pay or incurs in expenses as a result of property damage claims brought by third parties, as long as any part of the alleged accident for which Narragansett is liable happened within the applicable policy period. The contractual obligations of Century to indemnify Narragansett for liabilities are subject only to the upper limits of liability expressly and unambiguously stated in each of the Century Excess Policies. The contractual obligations of Century to indemnify Narragansett for expenses are not subject to, and apply in addition to, the upper limits of liability expressly and unambiguously stated in each of the Century Excess Policies.

19.    All premiums due under the Century Excess Policies, which were in full force and effect at some time during the period relevant to this Complaint, were timely paid.

<u>The American Home Policies</u>

20.    At various times between 1973 and 1985, in consideration of premiums paid, American Home duly executed and delivered to Narragansett's predecessor or its agent excess general liability insurance policies that provide liability insurance coverage for property damage claims (the "American Home Excess Policies"). The policy numbers and effective dates of the

6

American Home Excess Policies, to the extent known by Narragansett, are set forth in Exhibit A to this Complaint.

21.     Each of the American Home Excess Policies obligates American Home to indemnify Narragansett, as successor to the insured named in the Policy, for all sums that Narragansett becomes legally obligated to pay or incurs in expenses as a result of property damage claims brought by third parties, as long as any part of the alleged occurrence for which Narragansett is liable happened within the applicable policy period.  The contractual obligations of American Home to indemnify Narragansett for liabilities and expenses are subject only to the upper limits of liability expressly and unambiguously stated in each of the American Home Excess Policies.

22.     All premiums due under the American Home Excess Policies, which were in full force and effect at some time during the period relevant to this Complaint, were timely paid.

<u>The London Market Policies</u>

23.     At various times between 1945 and 1968, in consideration of premiums paid, certain London Market Companies and certain underwriters at Lloyd's, London duly subscribed to on behalf of Narragansett's predecessor excess general liability insurance policies that provide liability insurance coverage for property damage claims (the "London Market Excess Policies"). The policy numbers and effective dates of the London Market Excess Policies, to the extent known by Narragansett, are set forth in Exhibit A to this Complaint.

24.     In 2009, all 1992 and prior year non-life insurance liabilities underwritten at Lloyd's, including the Lloyd's underwriters' liability under the London Market Excess Policies, were transferred to Speyford Limited, which was then renamed Equitas Insurance Limited.  The transfer of liability required and received approval of the High Court of Justice of England and

Wales ("the High Court") under Part VII of the United Kingdom's Financial Services and Markets Act of 2000. The High Court approved the transfer on June 25, 2009.

25.     On or about April 27, 2009, Equitas Limited sent a letter to Lloyd's United States policyholders explaining the effects of the transfer to Speyford Limited. The letter stated that on the date the transfer was approved, Speyford Limited will become the insurer on the 1992 and prior year non-life insurance policies in place of the Lloyd's underwriters, and Speyford Limited, since renamed Equitas, will become responsible for all obligations under the policies.

26.     Each of the London Market Excess Policies obligates certain London Market Companies and/or Equitas, as successor to the relevant underwriters at Lloyd's, to indemnify Narragansett, as successor to the insured named in the Policy, for all sums that Narragansett becomes legally obligated to pay or incurs in expenses as a result of property damage claims brought by third parties, as long as any part of the alleged occurrence for which Narragansett is liable happened within the applicable policy period. The contractual obligations of certain London Market Companies and Equitas to indemnify Narragansett for liabilities and expenses are subject only to the upper limits of liability expressly and unambiguously stated in each of the London Market Excess Policies.

27.     All premiums due under the London Market Excess Policies, which were in full force and effect at some time during the period relevant to this Complaint, were timely paid.

### THE MENDON ROAD SITE

28.     In 1985 and 1986, the Commonwealth of Massachusetts (the "Commonwealth") arranged for the removal of contaminated soil from property located near the Mendon Road Site.

29.     In July 1987, the Commonwealth filed a complaint in the United States District Court for the District of Massachusetts against BVEC and other parties seeking the recovery of the costs incurred by the Commonwealth in remediating the Mendon Road Site ("the

Commonwealth Action"). The complaint alleged that, *inter alia*, BVG&E had arranged for the disposal at the Mendon Road Site of manufactured gas plant wastes and byproducts generated during BVG&E's historical operation of a manufactured gas plant located in Pawtucket, Rhode Island, and that BVEC was strictly liable under state law for property damage allegedly caused by releases of hazardous substances at the Mendon Road Site. Such property damage was unintended and unexpected.

30.    Narragansett's liability for the Commonwealth Action was finally resolved on or about October 12, 2006, when the United States District Court for the District of Massachusetts approved a consent decree, which provided that it represented "a final judgment" between Narragansett and the Commonwealth for the Commonwealth Action.

31.    Narragansett (directly and by and through its predecessor) has incurred defense costs, expenses, losses and liabilities as a result of the Commonwealth Action.

### First Claim for Relief – Declaratory Relief as to Century's Duty to Defend Under the Century Primary Policy

32.    Narragansett repeats and incorporates by reference the allegations in Paragraphs 1 through 31 of this Complaint as if set forth in full herein.

33.    This is a cause of action for declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202. Narragansett seeks a judicial determination of the rights and duties of Century, as successor to INA, with respect to an actual controversy arising out of the Century Primary Policy.

34.    Pursuant to the terms of the Century Primary Policy, Century, as successor to INA, was obligated to defend Narragansett and to pay all costs, including attorneys' fees, experts' fees, technical consultant fees and supplemental expenses, incurred by Narragansett in the investigation and defense of the Commonwealth Action.

35.    Century neither acknowledged its obligation to provide a defense nor provided a defense to Narragansett in the Commonwealth Action.

36.    An actual controversy of a justiciable nature currently exists between Narragansett, on the one hand, and Century, on the other hand, concerning the proper construction of the Century Primary Policy and the rights and obligations of the parties thereto with respect to the Commonwealth Action. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

37.    The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

**Second Claim for Relief – Breach of Contract by Century as to the
Duty to Defend Under the Century Primary Policy**

38.    Narragansett repeats and incorporates by reference the allegations in Paragraphs 1 through 31 of this Complaint as if set forth in full herein.

39.    Century, as successor to INA, has breached the Century Primary Policy by refusing to assume the defense of Narragansett with respect to the Commonwealth Action by the time Narragansett's liability was finally determined on or about October 12, 2006.

40.    As a direct result of Century's breach of the Century Primary Policy, Narragansett has been deprived of the benefit of insurance coverage for which substantial premiums were paid, namely, the right to a defense against the Commonwealth Action, which was a suit potentially covered by the Century Primary Policy. Narragansett (directly and/or by and through its predecessor) also has been forced to pay substantial sums in defense of the Commonwealth Action, and as of the date of this Complaint has incurred actual damages.

41.    As a direct result of Century's breach of its duty to defend Narragansett under the Century Primary Policy, Narragansett (directly and/or by and through its predecessor) has been

forced to incur and will continue to incur additional damages, including, without limitation the

lost earnings on amounts wrongfully withheld by Century, which damages are not subject to the

Century Primary Policy's limits of liability.

42.     As a direct and proximate result of the aforesaid breach by Century, Narragansett

has been damaged in an amount to be proved at trial for all damages, costs and payments, and all

other sums incurred to date in the investigation and defense of the Commonwealth Action.

### Third Claim for Relief – Bad Faith Failure by Century to Perform its Duty to Defend Under the Century Primary Policy

43.     Narragansett repeats and incorporates by reference the allegations in Paragraphs 1

through 42 of this Complaint as if set forth in full herein.

44.     Century, as successor to INA, acted in bad faith by failing to perform its duty to

defend under the Century Primary Policy. Century's refusal to assume the defense of

Narragansett was contrary to well-established law, and Century lacked a reasonable basis for not

performing its duty. Century either knew, was conscious of, or acted in reckless disregard of the

fact that there was no reasonable basis for its conduct in refusing to defend Narragansett.

45.     Century repeatedly and in bad faith ignored Narragansett's requests for a defense

of the Commonwealth Action. INA representatives explicitly and in bad faith instructed the

claims investigator responsible for the Commonwealth Action claim and other related claims not

to contact INA's policyholder, BVEC.

46.     As a result of Century's bad faith conduct, Narragansett was forced to incur

substantial costs in defending itself against the Commonwealth Action. Narragansett has also

been forced to bring this action for Century's breach of its duty to defend.

47.     Pursuant to Rhode Island G.L. 1956 § 9-1-33 and common law and because of

Century's bad faith, Century is liable to Narragansett for compensatory damages, punitive

damages, and attorney's fees and costs.  Such damages are not subject to the Century Primary

Policy's limits of liability.

### Fourth Claim for Relief – Declaratory Relief as to Century's
### Duty to Indemnify Under the Century Primary Policy

48.    Narragansett repeats and incorporates by reference the allegations in Paragraphs 1

through 31 of this Complaint as if set forth in full herein.

49.    This is a cause of action for declaratory relief pursuant to 28 U.S.C. §§ 2201 &

2202.  Narragansett seeks a judicial determination of the rights and duties of Century, as

successor to INA, with respect to an actual controversy arising out of the Century Primary

Policy.

50.    Pursuant to the terms of the Century Primary Policy, Century, as successor to

INA, is obligated to pay on behalf of Narragansett all sums that Narragansett becomes obligated,

through judgment, settlement or otherwise, to pay on account of the Commonwealth Action.

51.    Narragansett has incurred substantial damages as a result of the Commonwealth

Action, for which it is entitled to payment from Century.  Century has neither acknowledged its

obligation to provide coverage nor provided coverage to Narragansett for its liability in the

Commonwealth Action.

52.    An actual controversy of a justiciable nature currently exists between

Narragansett, on the one hand, and Century, on the other hand, concerning the proper

construction of the Century Primary Policy and the rights and obligations of the parties thereto

with respect to the Commonwealth Action.  The controversy is of sufficient immediacy and

magnitude to justify the issuance of a declaratory judgment.

53.    The issuance of declaratory relief by this Court will terminate some or all of the

existing controversy between the parties.

### Fifth Claim for Relief – Breach of Contract by Century as to the
### Duty to Indemnify Under the Century Primary Policy

54.     Narragansett repeats and incorporates by reference the allegations in Paragraphs 1 through 31 of this Complaint as if set forth in full herein.

55.     Century, as successor to INA, has breached the Century Primary Policy by failing to indemnify Narragansett with respect to its liability in the Commonwealth Action as finally determined on or about October 12, 2006.

56.     As a direct result of Century's breach of its duty to indemnify Narragansett under the Century Primary Policy, Narragansett has been deprived with respect to the Commonwealth Action of the benefit of insurance coverage for which substantial premiums were paid. Narragansett has been forced to pay substantial sums in the resolution of the Commonwealth action, and as of the date of this Complaint has incurred actual damages.

57.     As a direct result of Century's breach of the Century Primary Policy, Narragansett has been forced to incur and will continue to incur additional damages, including, without limitation, the lost earnings on amounts wrongfully withheld by Century, which damages are not subject to the Century Primary Policy's limits of liability.

58.     As a direct and proximate result of the aforesaid breaches and acts by Century, Narragansett has been damaged in an amount to be proved at trial for all damages, costs and payments, and all other sums incurred to date.

### Sixth Claim for Relief – Declaratory Relief as to the Excess Carriers'
### Duty to Indemnify Under the Excess Policies

59.     Narragansett repeats and incorporates by reference the allegations in Paragraphs 1 through 31 of Complaint as if set forth in full herein.

60.     This is a cause of action for declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202. Narragansett seeks a judicial determination of the rights and duties of each and every Excess Carrier, with respect to an actual controversy arising out of the Excess Policies.

61.     Pursuant to the terms of the Excess Policies, each Excess Carrier is obligated to indemnify Narragansett for all sums that Narragansett has become obligated, through judgment, settlement or otherwise, to pay or has incurred as expenses on account of the Commonwealth Action.

62.     Narragansett has incurred substantial damages, defense costs and other expenses as a result of the Commonwealth Action, for which it is entitled to reimbursement under some or all of the Excess Policies.  Each Excess Carrier has neither acknowledged its obligation to provide coverage nor provided coverage to Narragansett for its liability in the Commonwealth Action.

63.     An actual controversy of a justiciable nature currently exists between Narragansett, on the one hand, and each Excess Carrier, on the other hand, concerning the proper construction of the Excess Policies and the rights and obligations of the parties thereto with respect to the Commonwealth Action.  The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

64.     The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

### Seventh Claim for Relief – Breach of Contract by the Excess Carriers as to Duty to Indemnify

65.     Narragansett repeats and incorporates by reference the allegations in Paragraphs 1 through 31 of this Complaint as if set forth in full herein.

66.    Each Excess Carrier has breached its respective Excess Policies by failing to indemnify Narragansett for its ultimate net loss with respect to its liability in the Commonwealth Action as finally determined on or about October 12, 2006.

67.    As a direct result of each Excess Carrier's breach of its Excess Policies, Narragansett has been deprived with respect to the Commonwealth Action of the benefit of insurance coverage for which substantial premiums were paid.  Narragansett (directly and by and through its predecessor) has been forced to pay substantial sums in defense of and in the resolution of the Commonwealth Action, and as of the date of this Complaint, Narragansett has incurred actual damages.

68.    As a direct result of each Excess Carrier's breach of its Excess Policies, Narragansett has been forced to incur and will continue to incur additional damages, including, without limitation, the lost earnings on amounts wrongfully withheld by each Excess Carrier, which damages are not subject to the Excess Policies' limits of liability.

69.    As a direct and proximate result of the aforesaid breaches and acts by each Excess Carrier, Narragansett has been damaged in an amount to be proved at trial for all damages, costs and payments, and all other sums incurred to date.

## **PRAYER FOR RELIEF**

WHEREFORE, Narragansett respectfully prays for relief as follows:

1.    On its First Claim for Relief, Narragansett requests that the Court enter judgment against Century declaring that:

(a) Pursuant to the terms of the Century Primary Policy, Century was obligated to defend Narragansett, and Century is obligated to pay all costs, including attorneys' fees, experts' fees, technical consultants' fees and supplemental expenses, that were incurred by Narragansett in the defense of the Commonwealth Action.

(b) Narragansett is entitled to such other and further declaratory relief as this Court may deem just and proper.

2.      On its Second Claim for Relief, Narragansett requests that the Court enter judgment against Century, and award Narragansett:

(a) actual money damages according to proof at trial, plus interest according to law; and

(b) such other and further relief as this Court may deem just and proper.

3.      On its Third Claim for Relief, Narragansett requests that the Court enter judgment against Century, and award Narragansett:

(a) actual money damages according to proof at trial, plus interest according to law; and

(b) reasonable attorneys' fees and costs for prosecuting this action, plus interest according to law; and

(c) punitive damages as to be determined by a jury; and

(d) such other and further relief as this Court may deem just and proper.

4.      On its Fourth Claim for Relief, Narragansett requests that the Court enter judgment against Century declaring that:

(a) Pursuant to the terms of the Century Primary Policy, Century is obligated to pay on behalf of Narragansett all sums that Narragansett has become legally obligated to pay through judgment, settlement or otherwise, with respect to the Commonwealth Action. Century's duty to indemnify Narragansett is subject only to the applicable limits of liability expressly and unambiguously stated in the Century Primary Policy.

(b) Narragansett is entitled to such other and further declaratory relief as this Court may deem just and proper.

5.      On its Fifth Claim for Relief, Narragansett requests that the Court enter judgment against Century, and award Narragansett:

(a) actual money damages according to proof at trial, plus interest according to law; and

(b) such other and further relief as this Court may deem just and proper.

6.      On its Sixth Claim for Relief, Narragansett requests that the Court enter judgment against each and all of the Excess Carriers, declaring that:

(a) Pursuant to the terms of their respective Excess Policies, the Excess Carriers are independently obligated to indemnify Narragansett for all sums that Narragansett has become legally obligated to pay through judgment, settlement or otherwise, or has incurred as costs and expenses, with respect to the Commonwealth Action.   The Excess Carriers' duty to indemnify Narragansett for the Commonwealth Action is subject only to the applicable retentions (if any), underlying limits (if any), and limits of liability expressly and unambiguously stated in their respective Excess Policies.

(b) Narragansett is entitled to such other and further declaratory relief as this Court may deem just and proper.

7.      On its Seventh Claim for Relief, Narragansett requests that the Court enter judgment against each and all of the Excess Carriers, and award Narragansett:

(a) actual money damages according to proof at trial, plus interest according to law; and

(b) such other and further relief as this Court may deem just and proper.

17

## JURY DEMAND

Plaintiff demands a jury trial of all issues so triable.

COVINGTON & BURLING LLP

By: _____
           Andrew A. Ruffino

The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Telephone:  212-841-1000
aruffino@cov.com

William F. Greaney
Jay T. Smith
Michael E. Lechliter
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: 202-662-6000
wgreaney@cov.com
jsmith@cov.com
mlechliter@cov.com

Dated:  November 16, 2011

*Attorneys for Plaintiff*
*Narragansett Electric Company*