COVINGTON & BURLING LLP

BEIJING   BRUSSELS   LONDON   NEW YORK
SAN DIEGO   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

1201 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20004-2401
T 202.662.6000
www.cov.com

March 3, 2014

Via Electronic Case Filing

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    *The Narragansett Electric Co. v. American Home Assurance Co., et al.*
           (S.D.N.Y. Case No. 11-CV-8299) (LGS)

Dear Judge Schofield:

      We write as counsel to Plaintiff The Narragansett Electric Company in response to Century Indemnity Company's letter of February 28, 2014, which objects to the Proposed Final Order and Judgment submitted by Narragansett as ordered by the Court. Century raises three issues that it asserts "require resolution" prior to final judgment, and it seeks yet another round of briefing to occur over the coming months. Century has offered no good reason for this proposed delay in entering final judgment in favor of Narragansett.

      Century does not dispute that the proposed judgment is in proper form and complies with the Court's order. Instead Century disputes (1) the prejudgment interest rate, (2) the Court's award of defense costs incurred in the underlying dispute, and (3) the amount of attorney's fees incurred by Narragansett in vindicating its right to a defense in the underlying litigation. Century's letter is an improper attempt to buy time to reargue the Court's Opinion and Order of February 18, 2014.

      <u>Prejudgment Interest</u>. Under Mass. Gen Law c. 231, §6C, an award of prejudgment interest at the rate of twelve percent (12%) is *automatic*. There is no legal basis for Century's belated argument to the contrary.[1] The statute itself confirms the mandatory nature of the award:

---

[1] Narragansett's July 3, 2013 Memorandum of Law in support of its motion for summary judgment cited the relevant Massachusetts statute and requested prejudgment interest "to be calculated at a rate of 12 percent simple interest from October 12, 2006, the date of the consent decree in the Commonwealth Action, until judgment in this matter is final." Docket No. 143 at 24. Century did not object to any aspect of this explicit request for prejudgment interest in its opposition to Narragansett's motion.

"In *all* actions based on *contractual obligations*, upon a verdict, finding or order for judgment for pecuniary damages, interest *shall* be added by the clerk of the court to the amount of damages, at the contract rate, if established, or *at the rate of twelve per cent per annum* from the date of the breach or demand." M.G.L. c. 231, §6C (emphasis added).

Consistent with the plain language of the statute, Massachusetts appellate courts and treatises uniformly agree that "[i]nterest *must* be applied by the clerk to money judgments in contract actions at the rate of 12% per annum" if the contract does not specify a different rate. 48 Mass. Prac. Collection Law § 7:23 (3d ed.) (emphasis added), *available on Westlaw at* 48 MAPRAC § 7:23. The Supreme Judicial Court has repeatedly held that the award of interest under M.G.L. c. 231, §6C is an "automatic," ministerial task. *E.g.*, *O'Malley v. O'Malley*, 645 N.E.2d 684, 686 (Mass. 1995). Indeed, even where a Massachusetts trial court does not mention prejudgment interest in the final judgment, the clerk is nonetheless required to award interest at 12%. *Id.*

There is no support in the statute or case law for Century's argument that an award of interest under M.G.L. c. 231, §6C is discretionary. And none of the cases cited by Century support its argument. The first case cited by Century held that an award of 12% interest was improper only because the prejudgment interest statute for tort actions, M.G.L. c. 231, §6B, did not apply. If the statute had in fact applied, the award of 12% would have been mandatory. *Secretary of Admin. and Fin. v. Labor Relations Comm'n*, 749 N.E.2d 137, 141-42 (Mass. 2001). Likewise, in the second case cited by Century, the Supreme Judicial Court held that the tort prejudgment interest statute did not apply to a trade secret dispute – a decision that has no relevance here. *USM Corp. v. Marson Fastener Corp.*, 467 N.E.2d 1271, 1283 (Mass. 1984). In the third case cited, the court applied the full 12% statutory rate to all past medical expenses, but appropriately declined to award interest on future damages. *Chiulli v. Newbury Fine Dining, Inc.*, 2013 WL 5494723 at *3 (D. Mass. Sept. 30, 2013). Similarly, in *Cahill v. TIG Premier Ins. Co.*, the court declined to award interest because there was no way to discern what portion of the damages award applied to past, as opposed to future, damages. 47 F. Supp. 2d 87, 91 (D. Mass. 1999). The remaining cases cited by Century do not even address Massachusetts law and are wholly irrelevant.

In sum, pursuant to the plain language of M.G.L. c. 231, §6C, Narragansett is entitled to a prejudgment interest award at a rate of 12%. *See, e.g.*, *Campbell ex rel. Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179, 186 (2d Cir. 2001) (prejudgment interest is a substantive issue and courts are to apply the same substantive law that the court determines applies to the disputes under the contract). There is no legal basis for Century's plea for judicial "discretion" in awarding interest at the prescribed statutory rate. Century has been aware of the statutory rate of interest for many years, but made a calculated decision to strip Narragansett of a defense and then vigorously resist enforcement of its defense promise. Century must now bear the consequences of that decision.

Southern Union Costs.  Century's letter also seeks to reargue the Court's order that Narragansett is entitled to recover all of its defense costs except those incurred to pursue its bankruptcy claim against Stone & Webster.  Century's letter is procedurally improper.  This Court has specific rules for motions to reconsider, and Century should be required to follow those rules, as opposed to making new arguments in a letter to the Court that purports to concern only unresolved issues.  To the extent Century files such a motion, and the Court wishes to hear from Narragansett in response, Narragansett will brief the issue.  For the time being, Narragansett will only make the brief points below, which show that Century's reargument is in any event meritless.

Century contends that costs incurred by Narragansett to seek contribution from Southern Union should not be recoverable for the same reasons that Narragansett's bankruptcy costs are unrecoverable.  Century is wrong.  The Court's ruling on the bankruptcy costs derived out of the fact that, because of the nature of bankruptcy proceedings, Narragansett filed proofs of claim for multiple environmental sites and received a lump sum settlement for multiple sites.  Narragansett's Southern Union costs awarded by the Court do not include any costs for work related to the Stone & Webster bankruptcy.

Century asserts that these Southern Union costs should not be recoverable because the work done could have benefited Narragansett at multiple sites, but it does not dispute that all the costs claimed were in support of reducing Narragansett's liability at the Mendon Road site.  Century also neglects to mention that Narragansett expressly excluded from the Southern Union damages those costs that were unrelated to limiting its liability at Mendon Road.  *See, e.g.*, Declaration of John Voorhees, Docket No. 138, Ex. R, Tab 7 (notations indicating that Narragansett is not claiming costs specific to the Tidewater and Hamlet sites).

The Court has already ruled that "Century cannot abdicate its duty to defend and now second-guess the defense it declined to undertake."  February 18, 2014 Opinion and Order.  Narragansett was entitled to a complete defense, and Century's letter offers no good reason for the Court to reconsider its judgment.

Attorneys' Fees in this Coverage Action.  Century baldly misrepresents Narragansett's claimed attorneys' fees by repeatedly referring to Covington & Burling LLP's "pre-discount" hourly rates.  But Narragansett was not charged "pre-discount" rates, and Narragansett is not seeking recovery of "pre-discount rates" from Century.  Narragansett's hourly rates were discounted by an average of 10%, and Century's references to "pre-discount rates" do not support its argument that the rates actually charged were unreasonable.  Century is thus incorrect that "one of Narragansett's attorneys billed a substantial amount of time at an undiscounted hourly rate of $920 per hour."  Century is referring to William Greaney, a senior partner with almost 30 years of experience representing policyholders in coverage litigation, including Narragansett's parent company, whom he has represented for over 20 years.  His rate charged to Narragansett was never higher than $828 per hour, and for a long period of time in this matter,

his rate charged to Narragansett was $770. In any event, Mr. Greaney's fees represent less than 7% of Narragansett's total attorneys' fees and costs. Nor is Century correct that associates billed as high as $555. All associate time was billed to Narragansett at under $500.

Century also errs in asserting that "an unreasonably large number of attorneys billed time to the case." In fact, the overwhelming majority of work on the case was performed by only three attorneys: Jay Smith, a partner; Michael Lechliter, a senior associate; and Emily White, a junior associate. And the matter was staffed reasonably and in such a way as to avoid unnecessary costs. For example, although Century sent a partner to defend or take all depositions in this matter, Narragansett used an associate for every deposition. Century faults Narragansett for seeking recovery for three partners' time, but just last week three partners participated on behalf of Century in the parties' meet and confer regarding the proposed judgment, and nearly all court appearances in this case have been attended by two partners on behalf of Century, including the former chairman of Century's law firm. Narragansett, on the other hand, used one partner and one associate for the above tasks.

Narragansett submitted a proposed judgment that included its reasonable attorney fees incurred in enforcing Century's duty to defend, pursuant to the Court's order dated February 18, 2014. Narragansett has made those invoices available to Century, and will of course follow the Court's guidance on any submission the Court wishes to receive concerning those fees in light of the parties' inability to agree on the amount.

\*       \*       \*

Century has not offered any reasoned basis to delay final judgment in this Action for many more months while the parties brief issues already resolved. To the extent the Court wishes to review Narragansett's attorneys' invoices, Narragansett would be happy to make them available promptly. Narragansett respectfully requests that the Court then enter Final Judgment consistent with the proposed order submitted on February 28, 2014.

Respectfully submitted,

/s Jay T. Smith

Jay T. Smith

cc:     Counsel of Record (by ECF)