

**David B. Chaffin** | Partner

99 Summer Street, Suite 1530 | Boston, MA 02110-1248
Direct 617.748.5215 | Fax 617.748.5240
chaffind@whiteandwilliams.com | whiteandwilliams.com

February 19, 2015

**FILED VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
United States District Court for
 the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re: The Narragansett Electric Company v. American Home Assurance Company, *et al.*, 11 Civ. 08299 (LGS)

Dear Judge Schofield:

Century Indemnity Company respectfully writes in response to Your Honor's order dated February 11, 2015, directing the parties to file a letter on ECF indicating the status of the case and noting any changes from the previously filed letters (ECF Dkt. Nos. 181 to 184).

By way of background, in your February 18, 2014 Opinion & Order, Your Honor directed Narragansett Electric Company ("Narragansett") to submit a final order and judgment, on consent if possible, by February 28, 2014. After the parties were unable to agree on a proposed form of final order and judgment, Narragansett submitted its own proposal along with a letter and a large number of extensively redacted legal bills. (ECF Dkt. No. 180.) The parties then submitted a series of letters regarding Century's objections to the proposed judgment. (ECF Dkt. Nos. 181 to 184.)

Century is not aware of any changes since the parties previously filed letters. The issues that require resolution include: (1) whether Narragansett is automatically entitled to 12% interest from October 12, 2006, when prevailing rates during the relevant period were a fraction of 12%; (2) whether Narragansett's fees and costs for pursuing contribution from Southern Union on multiple sites (totaling $544,671.58) are recoverable in light of the Court's related ruling on the Stone & Webster bankruptcy; and (3) whether the $1.13 million in attorney's fees and costs that

Narragansett claims to have incurred in pursuing this action (which involved limited discovery and was not tried) are reasonable. Century relies on its previously filed letters dated February 28, 2014 and March 4, 2014 (ECF Dkt. Nos. 181 and 183) in support of its positions.[1]

Century will be prepared to address these issues, as well as any other matter that the Court would like to address, at the February 26, 2015 conference. Century respectfully thanks the Court for its consideration.

    Very truly yours,

    WHITE AND WILLIAMS LLP

    /s/ David B. Chaffin

    David B. Chaffin

cc:     All Counsel of Record via ECF

---

[1] The issues articulated above are the only issues that the parties' correspondence of a year ago raised. In its letter of earlier today, and its revised proposed final judgment, Narragansett seeks to inject a wholly new issue into the mix: It now claims, for the first, time, that it is entitled to interest on the attorneys' fees it purportedly has incurred in this action. Century disagrees and respectfully reserves the right fully to respond to this late claim.